

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**WESTERN DIVISION**
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(909) 328-4450

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

April 20, 2004

Clerk, United States District Court
District of Massachusetts
Donahue Federal Building
595 Main Street, Rm. 502
Worcester, MA 01608

FILED
Clerk's Office
USDC, Mass
Date 4/27/04
By_____
Deputy Clerk

04 10829 WGY

MAGISTRATE JUDGE RBL

Re: Transfer of our Civil Case No. __EDCV 04-236 RT__

Case Title: __Healthy Solutions LLC, etal. -v- ITV Direct Inc.__

Dear Sir/Madam:

An order having been made transferring the above-numbered case to your district, we are transmitting herewith our entire original file in the action, together with certified copies of the order and the docket. Please acknowledge receipt of same and indicate below the case number you have assigned to this matter on the enclosed copy of this letter and return it to our office. Thank you for your cooperation.

Very truly yours,

Clerk, U.S. District Court

By _____
Deputy Clerk
ANGELIQUE DOMINGUEZ

cc: All counsel of record

====================================================================================

## TO BE COMPLETED BY RECEIVING DISTRICT

Receipt is acknowledged of the documents described herein and we have assigned this matter case number CV: _____.

Clerk, U.S. District Court

By _____
Deputy Clerk

22 (01/01)              TRANSMITTAL LETTER - CIVIL CASE TRANSFER OUT

(SGL: DISCOVERY, AO279, CLOSED, TRANSFERRED

# U.S. District Court
## CENTRAL DISTRICT OF CALIFORNIA (Eastern Division - Riverside)
### CIVIL DOCKET FOR CASE #: 5:04cv00236
Internal Use Only

Healthy Solutions v. ITV Direct Inc et al
Assigned to: Honorable Robert J. Timlin
Referred to: Magistrate Judge Stephen G. Larson
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 28:1332 Diversity-Other Contract

Date Filed: 03/03/04
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

04 10829 WGY

## Plaintiff

------------------------

**Healthy Solutions, *LLC, a California limited liability corporation***

represented by **Becky V Christensen**
Levin and O'Connor
384 Forest Avenue, Suite 13
Laguna Beach, CA 92651
949-497-7676
Fax : 949-497-7679
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Craig McLaughlin**
Levin and O'Connor
384 Forest Avenue, Suite 13
Laguna Beach, CA 92651
949-497-7676
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William E Levin**
Levin and O'Connor
384 Forest Avenue, Suite 13
Laguna Beach, CA 92651
949-497-7676
*LEAD ATTORNEY*

*dba*
**Direct Business Concepts**

| | | |
|---|---|---|
| **Alejandro Guerrero,** *an individual* | represented by | **Becky V Christensen** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Craig McLaughlin** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| **Health Solutions Inc,** *a California corporation* | represented by | **Becky V Christensen** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Craig McLaughlin** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

V.

**Defendant**
-----------------------

| | | |
|---|---|---|
| **ITV Direct Inc,** *a Massachusetts corporation* | represented by | **Christopher C Larkin** Seyfarth Shaw 2029 Century Park E, Ste 3300 Los Angeles, CA 90067-3063 310-277-7200 Email: clarkin@la.seyfarth.com *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Christopher F Robertson** Seyfarth Shaw Two Seaport Lane, Suite 300 Boston, MA 02210 617-946-4800 |

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher M Robertson**
Carlton DiSante & Freudenberger
2600 Michelson Drive
Suite 800
Irvine, CA 92612
949-622-1661
Fax : 949-622-1669
*TERMINATED: 04/12/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Diana Tabacopoulos**
Seyfarth Shaw
2029 Century Park E, Ste 3300
Los Angeles, CA 90067-3063
310-277-7200
Fax : 310-201-5219
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Estate Defendant**
--------------------

**Does,** *1-10 inclusive*
*TERMINATED: 04/07/2004*

| Filing Date | # | Docket Text |
|---|---|---|
| 03/03/2004 | 1 | COMPLAINT against defendants Does, ITV Direct Inc.(Filing fee $ 150.) Jury Demanded. , filed by plaintiff Healthy Solutions.(mrgo, ) (Entered: 03/08/2004) |
| 03/03/2004 |  | Summons Issued re Complaint - (Discovery)[1] as to Does, ITV Direct Inc. (mrgo, ) (Entered: 03/08/2004) |
| 03/03/2004 |  | NOTICE TO COUNSEL re Eastern Division Pilot (mrgo, ) |

| | | (Enter: 03/08/2004) |
|---|---|---|
| 03/03/2004 | 2 | CERTIFICATION of Interested Parties filed by Plaintiff Healthy Solutions. (mrgo, ) (Entered: 03/08/2004) |
| 03/17/2004 | 3 | STANDING ORDER by Judge Stephen G. Larson: (see document for further details)(ad, ) (Entered: 03/18/2004) |
| 04/07/2004 | 6 | FIRST AMENDED COMPLAINT against defendant ITV Direct Inc ; Party Does terminated amending Complaint - (Discovery)[1] ; Jury Demand,filed by plaintiffs Alejandro Guerrero, Health Solutions Inc, Healthy Solutions. (No summons issued) (mrgo, ) (Entered: 04/13/2004) |
| 04/07/2004 | 7 | AMENDED CERTIFICATION of Interested Parties filed by Plaintiffs Alejandro Guerrero, Health Solutions Inc, Healthy Solutions. (mrgo, ) (Entered: 04/13/2004) |
| 04/07/2004 | | REPORT ON THE FILING OF AN ACTION REGARDING TRADEMARK (cc: form mailed to Washington, D.C.) (Opening) (mrgo, ) (Entered: 04/13/2004) |
| 04/07/2004 | 8 | PROOF OF SERVICE Executed by plaintiffs Alejandro Guerrero, Health Solutions Inc, Healthy Solutions, upon ITV Direct Inc served on 3/11/2004, answer due 3/31/2004. The Summons and Complaint were served by personal service service, by Federal Statute statute, upon Eileen Barrett, agent authorized to accept service of process. Due Dilligence declaration not attached. Original Summons not returned. (mrgo, ) (Entered: 04/13/2004) |
| 04/08/2004 | 9 | NOTICE OF EX PARTE APPLICATION AND APPLICATION for Temporary Restraining Order; expedited discovery, and order to show cause re preliminary injunction filed by plaintiffs Alejandro Guerrero, Health Solutions Inc, Healthy Solutions. Lodged proposed order. (mrgo, ) (Entered: 04/13/2004) |
| 04/08/2004 | 10 | DECLARATION of Alejandro Guerrero, Gregory Geremesz, Michael Howell and plaintiffs' counsel in support of EX PARTE APPLICATION for Temporary Restraining Order [9] filed by plaintiffs Alejandro Guerrero, Health Solutions Inc, |

| | | |
|---|---|---|
| | | Health Solutions. (mrgo, ) (Entered: 4/13/2004) |
| 04/08/2004 | ●11 | AMENDED DECLARATION of Alejandro Guerrero in support of EX PARTE APPLICATION for Temporary Restraining Order[9] filed by plaintiffs Alejandro Guerrero, Health Solutions Inc, Healthy Solutions. (mrgo, ) (Entered: 04/13/2004) |
| 04/08/2004 | ●12 | MEMORANDUM of points and authorities in Support of EX PARTE APPLICATION for Temporary Restraining Order[9] filed by plaintiffs Alejandro Guerrero, Health Solutions Inc, Healthy Solutions. (mrgo, ) (Entered: 04/13/2004) |
| 04/08/2004 | ●13 | NOTICE OF NEW COUNSEL FOR DEFENDANT filed by plaintiffs Alejandro Guerrero, Health Solutions Inc, Healthy Solutions. (mrgo, ) (Entered: 04/13/2004) |
| 04/08/2004 | | ***Attorney Christopher M Robertson for ITV Direct Inc, Diana Tabacopoulos for ITV Direct Inc added. (mrgo, ) (Entered: 04/13/2004) |
| 04/08/2004 | ●14 | AMENDED PROOF OF SERVICE filed by plaintiffs Alejandro Guerrero, Health Solutions Inc, Healthy Solutions re [9] EX PARTE APPLICATION for Temporary Restraining Order, was served on 4/8/04. (mrgo, ) (Entered: 04/13/2004) |
| 04/09/2004 | ●4 | CONSENT TO MAGISTRATE JUDGE OR REQUEST FOR REASSIGNMENT FOR EASTERN DIVISION PILOT PROJECT before Magistrate Judge Stephen G. Larson, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b), filed by defendant ITV Direct Inc; The undersigned party to this civil matter does not consent to proceed before Magistrate Judge Larson and hereby requests reassignment to District Judge Robert Timlin. (ad, ) (Entered: 04/09/2004) |
| 04/09/2004 | ●15 | NOTICE of Prior Pending Action filed by defendant ITV Direct Inc (ad, ) (Entered: 04/13/2004) |
| 04/09/2004 | ●16 | CERTIFICATION AND NOTICE of Interested Parties filed by Defendant ITV Direct Inc (ad, ) (Entered: 04/13/2004) |
| 04/09/2004 | ●17 | PROOF OF SERVICE filed by defendant ITV Direct Inc, |

| | | |
|---|---|---|
| | | Consent to Magistrate Judge, Certification and Notice of Interested Parties, Notice of Prior Pending Action was served on 4/9/04. (ad, ) (Entered: 04/13/2004) |
| 04/12/2004 | ●5 | NOTICE OF REASSIGNMENT. Pursuant to General Order 03-13, this case has been reassigned to Judge Robert J. Timlin for all further proceedings. Any discovery matters are assigned to Magistrate Judge Stephen G. Larson. All documents subsequently filed in this case must reflect the case number ED CV 04-236 RT (SGLx). (la, ) (Entered: 04/12/2004) |
| 04/12/2004 | ●18 | CONSENT TO PROCEED before Magistrate Judge Stephen G. Larson, in accordance with Title 28 Section 636(c) and F.R.CIV.P 73(b), filed by plaintiffs Alejandro Guerrero, Health Solutions Inc, Healthy Solutions; Any appeal shall be taken before the 9th Circuit Court of Appeals. (ad, ) (Entered: 04/13/2004) |
| 04/12/2004 | ●19 | MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION to Plaintiffs' Motion for Temporary Restraining Order [9]; Declarations of Robert Maihos, Todd Stanwood and Christopher Robertson (ad, ) (Entered: 04/13/2004) |
| 04/12/2004 | ●20 | DECLARATION filed by defendant ITV Direct Inc of Christopher Robertson in opposition to Motion for Temporary Restraining Order [9] (ad, ) (Entered: 04/13/2004) |
| 04/12/2004 | ●21 | DECLARATION filed by defendant ITV Direct Inc of Todd Stanwood in opposition to Motion for Temporary Restraining Order [9] (ad, ) (Entered: 04/13/2004) |
| 04/12/2004 | ●22 | DECLARATION of Robert Maihos filed by defendant ITV Direct Inc in opposition to Motion for Temporary Restraining Order [9] (ad, ) (Entered: 04/13/2004) |
| 04/12/2004 | ●23 | PROOF OF SERVICE filed by defendant ITV Direct Inc [19] Memorandum of Points and Authorities in Opposition, [20], [21],[22] Declarations of Robert Maihos, Todd Standwood and Christopher Robertson, was served on 4/12/04. (ad, ) (Entered: 04/13/2004) |
| 04/12/2004 | | ***Attorney Christopher F Robertson for ITV Direct Inc |

| | | |
|---|---|---|
| | | added. Attorney Christopher M Robertson terminated. (ad, ) (Entered: 04/15/2004) |
| 04/12/2004 | | FAX number for Attorney Christopher F Robertson is 617-946-4801. (ad, ) (Entered: 04/15/2004) |
| 04/12/2004 | | FAX number for Attorneys Becky V Christensen, Craig McLaughlin is 949-497-7679. (ad, ) (Entered: 04/15/2004) |
| 04/13/2004 | 24 | REPLY in support of Motion for Temporary Restraining Order Re First to File Rule [9] filed by plaintiffs Alejandro Guerrero, Health Solutions Inc, Healthy Solutions (ad, ) (Entered: 04/15/2004) |
| 04/14/2004 | 25 | ORDER by Judge Robert J. Timlin 1) TRANSFERRING This Case to the District of Massachusetts; and 2) DENYING Plaintiffs' Ex Parte Application for a Temporary Restraiing Order, Expedited Discovery, and Order to Show Cause Re Preliminary Injunction as MOOT [9]: ACCORDINGLY, IT IS ORDERED THAT 1) This action be transferred to the District of Massachusetts, pursuant to the first-to-file rule; and 2) Plaintiffs' applicaton for a temporary restraining order, expedited discovery and Order to Show Cause re Preliminary Injunction be DENIED as moot. (Made JS-6. Case Terminated.)(ad, ) (Entered: 04/15/2004) |
| 04/14/2004 | | ***Set CASE TRANSFERRED Flag (ad, ) (Entered: 04/19/2004) |
| 04/15/2004 | | NOTICE OF FILING FEE DUE on Pro Hac Vice Application mailed to attorney Christopher F Robertson for Defendant ITV Direct Inc (ad, ) (Entered: 04/15/2004) |
| 04/15/2004 | | PLACED IN FILE - NOT USED re (Proposed) Temporary Restraining Order and Order Expediting Discovery and Order to Show Cause Re Preliminary Injunction submitted by plaintiffs Alejandro Guerrero, Health Solutions Inc, Healthy Solutions (ad, ) (Entered: 04/15/2004) |
| 04/20/2004 | | TRANSMITTAL of documents mailed to USDC District of Massachusetts with certified copy of docket and order of transfer, original and one copy of transmittal letter-civil case |

transfer out (ad, ) (Entered: 04/20/200 )

Priority ✓
Send ✓
Enter ✓
Closed ___
JS-5/JS-6 ✓
JS-2/JS-3 ___
Scan Only ___

FILED
CLERK U.S. DISTRICT COURT

APR 14 2004

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

ENTERED
APR 15 2004
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION   DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEALTHY SOLUTIONS, LLC dba DIRECT BUSINESS CONCEPTS; HEALTH SOLUTIONS, INC.; and ALEJANDRO GUERRERO,<br><br>Plaintiffs,<br><br>v.<br><br>ITV DIRECT INC.; and DOES 1-10<br><br>Defendants. | CASE NO.   EDCV 04-236 RT<br><br>ORDER 1) TRANSFERRING THIS CASE TO THE DISTRICT OF MASSACHUSETTS; AND 2) DENYING PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER, EXPEDITED DISCOVERY, AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION AS MOOT<br><br>THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d). |

The court, Judge Robert J. Timlin, has read and considered the ex parte application ("Application") of plaintiffs Healthy Solutions, LLC, dba Direct Business Concepts ("Direct Business Concepts"), Health Solutions, Inc. ("Health Solutions"), and Dr. Alejandro Guerrero ("Dr. Guerrero") (collectively, "Plaintiffs") for a temporary restraining order ("TRO"), expedited discovery, and Order to Show Cause re: Preliminary Injunction, as well as defendant ITV Direct, Inc. ("ITV Direct")'s opposition ("Opposition"), and Plaintiffs' reply ("Reply"). Based on such consideration, the court concludes as follows:

///
///

I hereby attest and certify on 4/20/04 that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
_____ DEPUTY CLERK

DOCKETED ON CM
APR 15 2004
BY _____ 041

## I.

## BACKGROUND

Dr. Guerrero, after a long practice in herbal and nutritional therapy, developed a nutritional supplement made of grasses, herbs, and vegetables called "Supreme Greens." Dr. Guerrero's formula for Supreme Greens has been sold under the trade name and mark Supreme Greens both by Plaintiffs, other distributors throughout the United States, Canada, and the Carribean, and by defendant ITV Direct, Inc. ("ITV Direct"), previously under license.

ITV Direct, under a distribution agreement with Plaintiffs, began marketing Supreme Greens nationwide in August 2003, using television infomercials. ITV Direct has repeatedly aired at least two versions of the Supreme Greens infomercial featuring Dr. Guerrero. The Supreme Greens infomercial has continued to air on cable television, as recently as March 2004.

In late 2003, and again in February 2004, ITV Direct represented to Plaintiffs that they wanted to buy the mark "Supreme Greens," and threatened to stop paying for the product if the mark was not assigned to them. Beginning with invoices for shipments in December 2003, ITV Direct failed to pay for the Supreme Green delivered to it. In addition, on March 16, 2004, ITV Direct sent a "Notice to Cease and Desist" to AM Marketing, LLC, an authorized distributor of Supreme Greens. In the notice, ITV Direct claimed exclusive distribution rights of Supreme Greens and ownership of the mark "Supreme Greens."

On March 2, 2004, ITV Direct filed a complaint against Health Solutions, Guerrero, and others in the United States District Court for the District of Massachusetts ("the Massachusetts Action"), alleging breach of contract, conversion, misrepresentation, and violation of the Massachusetts Unfair Trade Practices Act, and claiming ownership of the disputed trademark, and infringement by Health Solutions and Guerrero. Health Solutions, on March 3, 2004 filed a complaint in this action against ITV Direct for breach of contract and common counts. On April 7, 2004, Plaintiffs filed a First Amended Complaint ("FAC") against ITV Direct, alleging violations of the Lanham Act, unfair competition, unfair trade practices, breach of contract, and violation of state trademark law, common counts, violation of right to publicity, conversion, and declaratory judgment.

2

## II.

## ANALYSIS

ITV Direct, in its opposition to the instant application, requests that this court stay, dismiss, or transfer the case to the District of Massachussets, pursuant to the first-to-file rule.

A.     The First-to-File Rule

The "first-to-file" rule is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another federal district court. Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982). The first-to-file rule states that when two suits are pending involving the same parties and issues, the action filed first ordinarily should proceed to judgment. Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622 (9th Cir.1991); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir.1986).

Three threshold factors should be considered in deciding whether to apply the first-to-file rule: 1) the chronology of the two actions; 2) the similarity of the parties; and 3) the similarity of the issues. Bryant v. Oxxford Exp., Inc., 181 F.Supp.2d 1045, 1048 (C.D. Cal. 2000); Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 270 (C.D. Cal. 1998). However, even if the first-to-file rule is found to be applicable in a given case, the court may still decide to dispense with the rule for equitable reasons; for example, where the first action was filed merely as a means of forum shopping. Guthy-Renker Fitness, 179 F.R.D. at 270.

There is no doubt that all three of the threshold factors are satisfied here. None of the parties contest the following: 1) the Massachusetts Action was filed first, albeit only one day earlier; 2) the Massachusetts Action implicates the same parties; and 3) both actions involve the same core issues concerning the parties' respective rights to the "Supreme Greens" trademark and the breach of a distributorship agreement between Health Solutions and ITV Direct.

Plaintiffs, however, argue that the equitable exceptions to the first-to-file rule apply here, namely that the Massachusetts action was an anticipatory suit filed for the purpose of forum shopping, and that the balance of convenience weighs in favor of the later- filed action in this district.

3

B.  **Equitable Exceptions to the First-to-File Rule**

There are a variety of equitable circumstances under which courts have declined to apply the first-to-file rule. For instance, an exception to the first-to-file rule may be made in situations involving a bad faith and anticipatory suit filed for the purpose of forum shopping. Bryant, 181 F.Supp.2d at 1048. A court may also relax the first-to-file rule if "the balance of convenience weighs in favor of the later- filed action." Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal.1994).

1.  *Anticipatory Suits*

A suit is "anticipatory" for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit on receipt of *specific, concrete* indications that a suit by the defendant was imminent. Bryant, 181 F.Supp.2d at 1048; Guthy-Renker Fitness, 179 F.R.D. at 270. Such anticipatory suits are disfavored because they are examples of forum shopping. Mission Ins. Co. v. Puritan Fashions Corp., 706 F.2d 599, 602 n. 3 (5th Cir.1983).

Plaintiffs contend that departure from the first-to-file rule is warranted based on ITV's anticipatory filing of the Massachusetts Action. They assert that ITV Direct filed the Massachusetts Action in violation of a "standstill agreement" during settlement negotiations between the parties. Without being provided the details of that agreement, the court concludes that this assertion weighs against application of the exception for anticipatory suits, because apparently, ITV Direct did not file the Massachusetts Action in response to specific or concrete indications that Plaintiffs were soon to file suit. Rather, Plaintiffs seem to argue that ITV Direct's suit caught them by surprise, as it was in violation of their standstill agreement. The Massachusetts Action is, therefore, not an "anticipatory action" for the purposes of being an exception to the first-to-file rule.

2.  *Convenience*

Convenience of the parties and witnesses is another equitable exception to the first-to-file rule. Guthy-Renker Fitness, 179 F.R.D. at 272-73. The convenience of nonparty witnesses is an important factor to consider in determining whether to transfer a case to another forum. Id. Additionally, relative ease of access to proof may be considered in deciding whether to transfer an action. Id.; Van Dusen v. Barrack, 376 U.S. 612, 643, 84 S.Ct. 805, 822-23 (1964).

4

1   Here, Plaintiffs assert that:

> the grounds of convenience do not dictate that this action be heard in Massachusetts. Witnesses, including suppliers, retailers, and purchasers are in fact scattered all over the United States in such diverse locations as Idaho, Florida and Oregon. Documents are similarly scattered. Authorized distributors are in Wyoming, Texas, Washington and Kentucky, to name a few. Issues of federal law, (the Lanham Act), California law (publicity rights, unfair trade practices and trademark law), and Massachusetts's law (contract and unfair trade practices) are all at issue.

(Reply at 3). By no means does it appear that there are compelling reasons of convenience to retain this case in California. As the Plaintiffs themselves admit, the witnesses and parties are "scattered." As such, the Plaintiffs have not persuaded the court that the equitable exception to the first-to-file rule based on convenience should apply.

In conclusion, the court finds that the threshold factors for application of the first-to-file rule have been met, and neither of the equitable exceptions to the first-to-file rule apply in the instant case. Accordingly, the court will decline to exercise jurisdiction over this case, and will transfer it to the District of Massachusetts, pursuant to the first-to-file rule. Because the court has determined that this action should be transferred to the District of Massachusetts, Plaintiffs' application for a TRO, expedited discovery, and Order to Show Cause re: Preliminary Injunction is rendered moot, subject to renoticing in the District of Massachusetts.

## IV.

## DISPOSITION

ACCORDINGLY, IT IS ORDERED THAT:

1) This action be transferred to the District of Massachusetts, pursuant to the first-to-file rule; and

2) Plaintiffs' application for a temporary restraining order, expedited discovery, and Order to Show Cause re: Preliminary Injunction be DENIED as moot.

4/14/04
DATE

ROBERT J. TIMLIN, DISTRICT COURT JUDGE