# EXHIBIT A



Priority ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK U S DISTRICT COURT
APR 1 4 2004
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

ENTERED
APR 1 5 2004
CLERK, US DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

HEALTHY SOLUTIONS, LLC dba DIRECT BUSINESS CONCEPTS, HEALTH SOLUTIONS, INC , and ALEJANDRO GUERRERO,

    Plaintiffs,

v

ITV DIRECT INC , and DOES 1-10

    Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO    EDCV 04-236 RT

ORDER 1) TRANSFERRING THIS CASE TO THE DISTRICT OF MASSACHUSETTS, AND 2) DENYING PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER, EXPEDITED DISCOVERY, AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AS MOOT

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

The court, Judge Robert J Timlin, has read and considered the ex parte application ("Application") of plaintiffs Healthy Solutions, LLC, dba Direct Business Concepts ("Direct Business Concepts"), Health Solutions, Inc ("Health Solutions"), and Dr Alejandro Guerrero ("Dr Guerrero") (collectively, "Plaintiffs") for a temporary restraining order ("TRO"), expedited discovery, and Order to Show Cause re Preliminary Injunction, as well as defendant ITV Direct, Inc ("ITV Direct")'s opposition ("Opposition"), and Plaintiffs' reply ("Reply") Based on such consideration, the court concludes as follows

///

///

1

DOCKETED ON CM
APR 1 5 2004
BY           041

## I.

## BACKGROUND

1
2
3    Dr Guerrero, after a long practice in herbal and nutritional therapy, developed a nutritional

4    supplement made of grasses, herbs, and vegetables called "Supreme Greens " Dr Guerrero's

5    formula for Supreme Greens has been sold under the trade name and mark Supreme Greens both by

6    Plaintiffs, other distributors throughout the United States, Canada, and the Carribean, and by

7    defendant ITV Direct, Inc ("ITV Direct"), previously under license

8    ITV Direct, under a distribution agreement with Plaintiffs, began marketing Supreme

9    Greens nationwide in August 2003, using television infomercials ITV Direct has repeatedly aired

10   at least two versions of the Supreme Greens infomercial featuring Dr Guerrero The Supreme

11   Greens infomercial has continued to air on cable television, as recently as March 2004

12   In late 2003, and again in February 2004, ITV Direct represented to Plaintiffs that they

13   wanted to buy the mark "Supreme Greens," and threatened to stop paying for the product if the

14   mark was not assigned to them Beginning with invoices for shipments in December 2003, ITV

15   Direct failed to pay for the Supreme Green delivered to it In addition, on March 16, 2004, ITV

16   Direct sent a "Notice to Cease and Desist" to AM Marketing, LLC, an authorized distributor of

17   Supreme Greens In the notice, ITV Direct claimed exclusive distribution rights of Supreme Greens

18   and ownership of the mark "Supreme Greens "

19   On March 2, 2004, ITV Direct filed a complaint against Health Solutions, Guerrero, and

20   others in the United States District Court for the District of Massachusetts ("the Massachusetts

21   Action"), alleging breach of contract, conversion, misrepresentation, and violation of the

22   Massachusetts Unfair Trade Practices Act, and claiming ownership of the disputed trademark, and

23   infringement by Health Solutions and Guerrero Health Solutions, on March 3, 2004 filed a

24   complaint in this action against ITV Direct for breach of contract and common counts On April 7,

25   2004, Plaintiffs filed a First Amended Complaint ("FAC") against ITV Direct, alleging violations

26   of the Lanham Act, unfair competition, unfair trade practices, breach of contract, and violation of

27   state trademark law, common counts, violation of right to publicity, conversion, and declaratory

28   judgment

2

## II

## ANALYSIS

ITV Direct, in its opposition to the instant application, requests that this court stay, dismiss, or transfer the case to the District of Massachussets, pursuant to the first-to-file rule

### A    The First-to-File Rule

The "first-to-file" rule is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another federal district court  Pacesetter Systems, Inc  v  Medtronic, Inc., 678 F 2d 93, 94-95 (9th Cir  1982)  The first-to-file rule states that when two suits are pending involving the same parties and issues, the action filed first ordinarily should proceed to judgment  Alltrade, Inc  v  Uniweld Products, Inc., 946 F 2d 622 (9th Cir 1991), Decker Coal Co  v  Commonwealth Edison Co., 805 F 2d 834, 843 (9th Cir 1986)

Three threshold factors should be considered in deciding whether to apply the first-to-file rule  1) the chronology of the two actions, 2) the similarity of the parties, and 3) the similarity of the issues  Bryant v  Oxxford Exp., Inc., 181 F Supp 2d 1045, 1048 (C D  Cal 2000), Guthy-Renker Fitness, L L C  v  Icon Health & Fitness, Inc., 179 F R D  264, 270 (C D  Cal  1998)  However, even if the first-to-file rule is found to be applicable in a given case, the court may still decide to dispense with the rule for equitable reasons, for example, where the first action was filed merely as a means of forum shopping  Guthy-Renker Fitness, 179 F R D  at 270

There is no doubt that all three of the threshold factors are satisfied here  None of the parties contest the following  1) the Massachusetts Action was filed first, albeit only one day earlier, 2) the Massachusetts Action implicates the same parties, and 3) both actions involve the same core issues concerning the parties' respective rights to the "Supreme Greens" trademark and the breach of a distributorship agreement between Health Solutions and ITV Direct

Plaintiffs, however, argue that the equitable exceptions to the first-to-file rule apply here, namely that the Massachusetts action was an anticipatory suit filed for the purpose of forum shopping, and that the balance of convenience weighs in favor of the later- filed action in this district

B     Equitable Exceptions to the First-to-File Rule

There are a variety of equitable circumstances under which courts have declined to apply the first-to-file rule  For instance, an exception to the first-to-file rule may be made in situations involving a bad faith and anticipatory suit filed for the purpose of forum shopping  Bryant, 181 F Supp 2d at 1048  A court may also relax the first-to-file rule if "the balance of convenience weighs in favor of the later- filed action " Ward v  Follett Corp , 158 F R D  645, 648 (N D Cal 1994)

*1     Anticipatory Suits*

A suit is "anticipatory" for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit on receipt of *specific, concrete* indications that a suit by the defendant was imminent  Bryant, 181 F Supp 2d at 1048, Guthy-Renker Fitness, 179 F R D  at 270  Such anticipatory suits are disfavored because they are examples of forum shopping  Mission Ins  Co  v  Puritan Fashions Corp , 706 F 2d 599, 602 n  3 (5th Cir 1983)

Plaintiffs contend that departure from the first-to-file rule is warranted based on ITV's anticipatory filing of the Massachusetts Action  They assert that ITV Direct filed the Massachusetts Action in violation of a "standstill agreement" during settlement negotiations between the parties  Without being provided the details of that agreement, the court concludes that this assertion weighs against application of the exception for anticipatory suits, because apparently, ITV Direct did not file the Massachusetts Action in response to specific or concrete indications that Plaintiffs were soon to file suit  Rather, Plaintiffs seem to argue that ITV Direct's suit caught them by surprise, as it was in violation of their standstill agreement  The Massachusetts Action is, therefore, not an "anticipatory action" for the purposes of being an exception to the first-to-file rule

*2     Convenience*

Convenience of the parties and witnesses is another equitable exception to the first-to-file rule  Guthy-Renker Fitness, 179 F R D  at 272-73  The convenience of nonparty witnesses is an important factor to consider in determining whether to transfer a case to another forum  Id  Additionally, relative ease of access to proof may be considered in deciding whether to transfer an action  Id , Van Dusen v  Barrack, 376 U S  612, 643, 84 S Ct  805, 822-23 (1964)

4

1    Here, Plaintiffs assert that

2        the grounds of convenience do not dictate that this action be heard in
         Massachusetts Witnesses, including suppliers, retailers, and
3        purchasers are in fact scattered all over the United States in such
         diverse locations as Idaho, Florida and Oregon Documents are
4        similarly scattered Authorized distributors are in Wyoming, Texas,
         Washington and Kentucky, to name a few Issues of federal law, (the
5        Lanham Act), California law (publicity rights, unfair trade practices
         and trademark law), and Massachusetts's law (contract and unfair
6        trade practices) are all at issue

7    (Reply at 3) By no means does it appear that there are compelling reasons of convenience to retain

8    this case in California As the Plaintiffs themselves admit, the witnesses and parties are "scattered"

9    As such, the Plaintiffs have not persuaded the court that the equitable exception to the first-to-file

10   rule based on convenience should apply

11       In conclusion, the court finds that the threshold factors for application of the first-to-file

12   rule have been met, and neither of the equitable exceptions to the first-to-file rule apply in the

13   instant case Accordingly, the court will decline to exercise jurisdiction over this case, and will

14   transfer it to the District of Massachusetts, pursuant to the first-to-file rule Because the court has

15   determined that this action should be transferred to the District of Massachusetts, Plaintiffs'

16   application for a TRO, expedited discovery, and Order to Show Cause re Preliminary Injunction is

17   rendered moot, subject to renoticing in the District of Massachusetts

18                                           **IV.**

19                                    **DISPOSITION**

20   ACCORDINGLY, IT IS ORDERED THAT

21       1)    This action be transferred to the District of Massachusetts, pursuant to the first-to-

22             file rule, and

23       2)    Plaintiffs' application for a temporary restraining order, expedited discovery, and

24             Order to Show Cause re Preliminary Injunction be DENIED as moot

25

26

27   __4/14/04__            _____

28   DATE                   ROBERT J TIMLIN, DISTRICT COURT JUDGE

5