# EXHIBIT B

1 | Becky V. Christensen, Esq. (State Bar No. 147013)
2 | Craig McLaughlin, Esq. (State Bar No. 182876)
  | LEVIN & O'CONNOR
  | 384 Forest Avenue, Suite 13
  | Laguna Beach, California 92651
  | Telephone: (949) 497-7676
  | Facsimile: (949) 497-7679

Attorneys for PLAINTIFFS
HEALTHY SOLUTIONS, LLC,
HEALTH SOLUTIONS, INC.
and ALEJANDRO GUERRERO

FILED 2004 APR -7 PM 3:57

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| HEALTHY SOLUTIONS, LLC dba DIRECT BUSINESS CONCEPTS, a California limited liability corporation, HEALTH SOLUTIONS, INC., a California corporation; ALEJANDRO GUERRERO, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>ITV DIRECT, INC., a Massachusetts corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. EDCV 04-00236-SGL<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>1) BREACH OF CONTRACT;<br>2) ACCOUNT STATED;<br>3) OPEN ACCOUNT;<br>4) TRADEMARK INFRINGEMENT & UNFAIR COMPETITION - § 43(A) LANHAM ACT;<br>5) COMMON LAW UNFAIR COMPETITION – PASSING OFF;<br>6) UNFAIR COMPETITION - VIOLATION VIOLATION RIGHT TO PUBLICITY (CAL. CIV. CODE 3344);<br>7) UNFAIR COMPETITION – VIOLATION OF COMMON LAW RIGHT TO PUBLICITY;<br>8) VIOLATION OF CALIFORNIA UNFAIR TRADE PRACTICES, CAL. BUS. & PROF. CODE §§ 17200 ET. SEQ.;<br>9) CONVERSION; AND<br>10) DECLARATORY JUDGMENT.<br><br>DEMAND FOR JURY TRIAL |

1

FIRST AMENDED COMPLAINT;
DEMAND FOR JURY TRIAL

PLAINTIFFS HEALTHY SOLUTIONS, LLC dba DIRECT BUSINESS CONCEPTS; HEALTH SOLUTIONS, INC., a California corporation; ALEJANDRO GUERRERO, an individual (hereinafter collectively referred to as "HEALTHY SOLUTIONS") allege as follows:

<center>JURISDICTION AND VENUE</center>

1. PLAINTIFF HEALTHY SOLUTIONS, LLC is a business organized and existing under the laws of the State of California, with its principal offices in San Bernardino County, California.

2. PLAINTIFF HEALTH SOLUTIONS, INC. is a business organized and existing under the laws of the State of California, with its principal offices in San Bernardino County, California.

3. PLAINTIFF ALEJANDRO ("ALEX") GUERRERO, is an individual who resides in San Bernardino County, California.

4. DEFENDANT ITV DIRECT, INC. ("ITV DIRECT") is, upon information and belief, incorporated in the Commonwealth of Massachusetts and its corporate headquarters are located in Beverly, Massachusetts. DEFENDANT is also doing business in this judicial District and has substantial, systematic and continuous contacts with it, in that Defendant sells goods in this District and entered into this contract in this District. DEFENDANT has attended a trade show in this District in part for purposes relating to the claims herein. The claims asserted in this Complaint arose in this District and substantially occurred in this District.

5. PLAINTIFFS do not know the true names and capacities, whether individual, corporate, partnership or otherwise of the Defendants named here as DOES 1-10, inclusive. PLAINTIFFS therefore sue these Defendants by such fictitious names. PLAINTIFFS will seek leave of Court to amend this Complaint to assert the DOES' true names and capacities when they have been ascertained.

6. This Court has jurisdiction over PLAINTIFFS' federal claims under the laws of the United States, including Title 15 of the United States Code and more particularly,

1  15 U.S.C. 1051-1127, and on 28 U.S.C. §§ 1331, 1338 and 2201-02, and 15 U.S.C. §
2  1 et. seq. In addition and as a distinct basis for jurisdiction, this Court has jurisdiction
3  over this action pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship
4  between the parties, and the amount in controversy exceeds the sum of Seventy Five
5  Thousand Dollars ($75,000.00), exclusive interest and costs. Venue is proper in this
6  District under 28 U.S.C. §1391(a), (b) and (c).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### The Product

7. PLAINTIFFS formulated a nutritional supplement based on enhanced and organically grown vegetables, grains, grasses and herbs ("the Product") which PLAINTIFFS named Supreme Greens with MSM. The ingredients include *inter alia* alfalfa, parsley, carrot, shave grass, rosemary, beet, celery, dandelion, spearmint, corn silk, grapefruit, peppermint, white willow, broccoli, cabbage, bilberry, echinacea, okra, raspberry, sage, spinach, strawberry, watercress, wheat grass, wintergreen, ginger, barley, dog grass, wheat, garlic, kale, Pau d'arco, slippery elm, goldenseal, aloe and methylsulfonymethane, commonly known as MSM. Genuine "Supreme Greens" does not contain caffeine, artificial flavors, artificial colors, artificial fragrances, dairy products or glutens. The precise formula is a trade secret and proprietary. The Product formula has never been disclosed to Defendant ITV DIRECT.

8. Supreme Greens was developed based on the academic studies and the nutritional and herbal therapy practice of PLAINTIFF Alejandro ("Alex") Guerrero, O.M.D. PLAINTIFF Guerrero has been trained in the use of traditional Chinese medicine and has a Master of Science in Oriental Medicine. His studies included extensive work in nutritional and herbal therapies based on traditional and ancient Chinese models and western science.

9. In working with clients for over ten years who sought Dr. Guerrero's help for ailments as diverse as chronic pain from injury or illness, depression, chronic ailments like arthritis and diabetes, and even terminal illness such as cancers, Dr. Guerrero

1  concluded proper nutrition is essential to good health. Good nutrition supports and enhances treatment under conventional western medicine and assists wellness goals such as reducing stress and weight loss. Dr. Guerrero, however, was frustrated by the nutritional supplements available in the market. He sought to develop a healthy supplement that he knew to be safe and of the highest quality. The result was the proprietary formula for Supreme Greens ("Product"). Supreme Greens is available in powder form or in capsule form. A photograph is attached as Exhibit A.

10. In preparing to manufacture and distribute Supreme Greens, PLAINTIFFS reviewed the processes and procedures of each bottling plant for safety and quality. PLAINTIFFS expended significant amounts of money and time in establishing the quality of the Supreme Greens Product. PLAINTIFFS have taken reasonable steps to protect the secret formula for the Product.

## The Mark "Supreme Greens"

11. PLAINTIFFS chose the name "Supreme Greens," designed labels and worked to find manufacturers and distributors. PLAINTIFFS first used the name "Supreme Greens" in its correspondence and conversations with Defendant, a potential distributor, as early as December 2002, when PLAINTIFFS presented the Defendant with a sample of the Product and sample labels. Exhibit B.

12. PLAINTIFFS ordered and paid for Product bearing the Supreme Greens mark as early as May 2003. PLAINTIFFS sold Product bearing the name "Supreme Greens" in interstate commerce at least as early as June 2003. PLAINTIFFS have continuously and exclusively used the name "Supreme Greens" and offered its Product bearing the mark "Supreme Greens" and has expanded its business geographically throughout the United States and internationally, including through an Internet web site. PLAINTIFFS have entered into distribution agreements and licenses for a variety of marketing channels including via the Internet and sales to a variety of retailers.

13. Today, the company enjoys a reputation for excellence and quality under the Supreme Greens trade name and marks throughout the United States and

internationally. PLAINTIFFS have expended considerable sums in advertising the trade name and marks "Supreme Greens" and have exerted every effort to maintain the highest standards of quality for the Product. This has created invaluable goodwill under the trade name and marks among its purchasing public and Supreme Greens has become associated in the minds of purchasers with PLAINTIFFS.

14. The quality and characteristics of the SUPREME GREENS Product is often advertised and displayed in connection with the likeness and name of Dr. Guerrero and it is closely associated with his name and likeness. Examples of the strong association between Plaintiff Guerrero's name and likeness are attached as Exhibit C.

15. Comments, complaints and praise relating to the Supreme Greens product are directed to Plaintiffs.

16. DEFENDANT has had actual notice and full knowledge of PLAINTIFFS' rights in the "SUPREME GREENS" trade name and marks since the mark was presented to Defendant in December 2002.

17. The Product has been successful, with orders coming in from all of North America. PLAINTIFFS have sold more than 475,000 bottles of "SUPREME GREENS" worldwide.

### The Agreement

18. On or about April 4, 2003, PLAINTIFFS entered into a Distribution Agreement with Massachusetts's television infomercial producer, Defendant ITV DIRECT, INC. Defendant ITV DIRECT, INC. was granted exclusive right to distribute Supreme Greens through the "direct response telemarketing channel," in other words, infomercials. A copy of the Distributorship Agreement is attached as Exhibit D. The Agreement includes a license to use Plaintiffs' marks and a license to sell, but not to manufacture, the Product.

19. As part of the Distribution Agreement, PLAINTIFFS designated Dr. Guerrero to be the spokesperson for Supreme Greens in infomercials scripted and produced by the Defendant. Editorial control was exclusively with Defendant. It is Dr.


Guerrero's name, likeness, voice, credentials and experience that are featured in Defendant's infomercials for Supreme Greens. Indeed, Dr. Guerrero has been contacted by members of the public who have seen Supreme Greens and identify it and associate it with him.

20. PLAINTIFFS are informed and believe that Defendant completed production of its infomercial and began airing it on cable television in 30-minute spots no earlier than August or September of 2003. Defendant is also selling Supreme Greens via the Internet from a website leased from Plaintiffs.

21. Beginning with invoices from December 2003, Defendant failed to pay for Product delivered to it, a direct and material violation of the Agreement. Total invoices for One Million Eight Hundred Twenty One Thousand Eight Hundred Sixty Four Dollars ($1,821,864.00) are now past due and owing. A demand for cure has been made and ignored, with the time for cure pursuant to the terms of the Agreement having passed.

22. On or about March 2, 2004, Defendant filed an action against Plaintiffs in the United States District Court for the District of Massachusetts improperly asserting *inter alia* ownership of the Supreme Greens mark, a clear repudiation of the Agreement barred by the Agreement and the doctrine of licensee estoppel. A copy of the Complaint, which has never been served upon Plaintiffs, is attached as Exhibit E.

23. On or about March 24, 2004, Defendant informed PLAINTIFFS that it had ordered approximately 50,000 bottles of alleged "product" from an unidentified manufacturer. Defendant admitted that the so-called "product" bears the Supreme Greens mark. Later, Defendant stated again it had ordered 50,000 bottles of the non-genuine product. PLAINTIFFS demanded to know the source of this phony product and its contents. Defendant refused to identify manufacturer and refused to provide the formula being used.

24. The Agreement between PLAINTIFFS and DEFENDANT and all appurtenant licenses and rights has expired, been repudiated and materially breached,

and all licenses, consents and authority to use the mark "Supreme Greens" or the likeness, image, voice or name of Plaintiff Guerrero are invalid, expired and revoked.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

25. PLAINTIFFS reallege and incorporate herein the allegations of paragraphs 1 through 24.

26. PLAINTIFFS have performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Agreement.

27. DEFENDANT breached the Agreement in failing to pay as agreed for products delivered to Defendant. The outstanding and past due invoices are attached hereto as Exhibit F and by this reference incorporated herein.

28. DEFENDANT breached the Agreement in asserting ownership of the mark and name "Supreme Greens" during the term of the agreement in violation of its duties as a licensee.

29. DEFENDANT breached the Agreement in applying the "Supreme Greens" mark to non-genuine product in violation of its duties as a licensee.

30. PLAINTIFFS have repeatedly demanded payment and full performance of the Agreement by Defendant; however, Defendant has refused to pay the sums past due and owing.

31. In addition, on information and belief, the Agreement has been repudiated in its entirety by Defendant's failure to pay, Defendant's production of phony and unauthorized Product, and Defendant's filing of a lawsuit claiming *inter alia* ownership of the mark.

32. As a result of Defendant's breach of the Agreement, PLAINTIFFS have been damaged in the sum to be proven at trial, but in no event less than One Million Eight Hundred Twenty One Thousand Eight Hundred Sixty Four Dollars ($1,821,864.00).

## SECOND CAUSE OF ACTION

## ACCOUNT STATED

33. PLAINTIFFS reallege paragraphs 1 through 32 above, inclusive, of this Complaint and incorporate them herein by this reference as if set forth in full below.

34. The invoices attached hereto as Exhibit F constitute an account stated for which payment is past due and owing, with interest accruing thereon from the date of each invoice at the highest rate allowed by law in an amount to be proven at trial but in any event not less than One Million Eight Hundred Twenty One Thousand Eight Hundred Sixty Four Dollars ($1,821,864.00).

## THIRD CAUSE OF ACTION

## OPEN ACCOUNT

35. PLAINTIFFS reallege paragraphs 1 through 34 above, inclusive, of this Complaint and incorporate them herein by this reference as if set forth in full below.

36. DEFENDANT's failure to pay the sums due as herein alleged constitute an open book account for goods delivered, specifically an estimated 303,644 units of Supreme Greens product, at the special instance and request of Defendant.

37. Although demand has been made, there is now due, owing and unpaid a sum in an amount to be proven at trial but in any event not less than One Million Eight Hundred Twenty One Thousand Eight Hundred Sixty Four Dollars ($1,821,864.00) with interest accruing thereon at the highest rate allowed by law.

## FOURTH CAUSE OF ACTION

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION IN VIOLATION OF §43(A) THE LANHAM ACT

38. PLAINTIFFS reallege paragraphs 1 through 37 above, inclusive, of this Complaint and incorporate them herein by this reference as if set forth in full below.

39. DEFENDANT, in violation of 15 U.S.C. § 1125 (a), Section 43(a) of the Lanham Act, has infringed the mark "Supreme Greens", owned by PLAINTIFFS, by affixing it to non-genuine products of unknown origin and unknown quality.

40. DEFENDANT's conduct constitutes false designation of origin, false or misleading description and false or misleading statements of fact, likely to cause confusion or mistake as to the origin, sponsorship and/or approval of goods being sold, including among other things confusion or mistake with genuine Product and the sponsorship and approval of Plaintiff GUERRERO.

41. Purchasers are likely to purchase DEFENDANT's goods bearing the "SUPREME GREENS" mark believing they are PLAINTIFFS', thereby resulting in a loss of sales and other damages to the PLAINTIFFS, including but not limited to damage to goodwill, lost sales, the cost of a corrective advertising campaign, and/or a reasonable royalty, in an amount to be proven at trial and which, upon information and belief, will be in a sum of not less than Three Million Dollars ($3,000,000.00).

42. Upon information and belief, and based upon an estimate only since the sales and other records are solely within DEFENDANT's possession, custody and control, as a direct and proximate result of DEFENDANT's infringement, PLAINTIFFS are entitled to DEFENDANT's gross revenues from the infringement, interest, costs and consequential damages, except for any such legally allowable costs as DEFENDANT is able to prove.

43. The goodwill of the PLAINTIFFS' business under its SUPREME GREENS trade names and marks is of tremendous value, and the PLAINTIFFS have suffered and will continue to suffer irreparable harm should infringement be allowed to continue to the detriment of its trade reputation and goodwill, entitling PLAINTIFFS to a preliminary and permanent injunction against such wrongful acts alleged herein. DEFENDANT's infringement will continue unless enjoined by this Court.

44. DEFENDANT's acts in its infringing use are likely to damage the reputation and business of PLAINTIFFS, which damage cannot be compensated for by money damages and for which preliminary and permanent injunctive relieve is proper.

45. DEFENDANT's acts are knowing and intentional and entitle PLAINTIFFS to treble damages and the award of attorney fees.

## FIFTH CAUSE OF ACTION

## COMMON LAW UNFAIR COMPETITION – PASSING OFF

46. PLAINTIFFS reallege paragraphs 1 through 45 above, inclusive, of this Complaint and incorporate them herein by this reference as if set forth in full below.

47. PLAINTIFFS own and enjoy common law rights in California and in other parts of the United States in and to the Supreme Greens trade name and marks for the nutritional supplements as set forth above, which are prior to and superior to any rights which DEFENDANT may claim in and to the trademark in any form or style with respect to nutritional supplements.

48. Use by DEFENDANT of the "SUPREME GREENS" trademark on non-genuine product is likely to cause confusion or mistake or deception of purchasers as to the source of origin of its goods or services or their sponsorship or affiliation with PLAINTIFFS.

49. Purchasers are likely to purchase DEFENDANT's goods bearing the "SUPREME GREENS" mark believing they are PLAINTIFFS', thereby resulting in a loss of sales and other damages to the PLAINTIFFS, including but not limited to damage to goodwill, lost sales, the cost of a corrective advertising campaign, and/or a reasonable royalty, in an amount to be proven at trial and which, upon information and belief, will be in a sum of not less than of Three Million Dollars ($3,000,000.00).

50. Upon information and belief, and based upon an estimate only since the sales and other records are solely within DEFENDANT's possession, custody and control, as a direct and proximate result of DEFENDANT's infringement, PLAINTIFFS are entitled to DEFENDANT's gross revenues from the infringement, interest, costs and consequential damages, except for any such legally allowable costs as DEFENDANT is able to prove.

51. The PLAINTIFFS have no control over the quality of goods sold by DEFENDANT, and because of the confusion as to the source or sponsorship or affiliation engendered by the DEFENDANT, the PLAINTIFFS' valuable goodwill in

respect to its aforesaid trade name and trademark is at the mercy of DEFENDANT.

52. The goodwill of the PLAINTIFFS' business under its SUPREME GREENS trade name and marks is of tremendous value, and the PLAINTIFFS has suffered and will continue to suffer irreparable harm should infringement be allowed to continue to the detriment of its trade reputation and goodwill, entitling PLAINTIFFS to a preliminary and permanent injunction against such wrongful acts alleged herein. DEFENDANT's infringement will continue unless enjoined by this Court.

53. DEFENDANT's introduction of a non-genuine product under the "Supreme Greens" mark, after PLAINTIFFS' prior use of the mark, was done intentionally and knowingly by DEFENDANT, with full knowledge of PLAINTIFFS' prior and superior rights, and in callous and reckless disregard of those rights and the rights of the public, and was malicious, fraudulent or oppressive within the meaning of California's punitive damage statute, entitling PLAINTIFFS to an appropriate amount of punitive damages to deter DEFENDANT and others from following their example, under the claims in this Complaint on which punitive damages are allowable, in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

## UNFAIR COMPETITION –VIOLATION OF PLAINTIFF GUERRERO'S STATUTORY RIGHT TO PUBLICITY (Cal. Civ. Code 3344)

54. PLAINTIFFS reallege paragraphs 1 through 53 above, inclusive, of this Complaint and incorporate them herein by this reference as if set forth in full below.

55. On information and belief, Defendant is knowingly and wrongfully using the name, voice and/or likeness of PLAINTIFF Guerrero for purposes of advertising or selling, or soliciting purchases of products or merchandise without PLAINTIFF Guerrero's consent or authority in violation of Cal. Civ. Code § 3344, which conduct has and will continue to cause damage to PLAINTIFF Guerrero in an amount to be proven at trial, but in any event not less than One Million Dollars ($1,000,000.00). DEFENDANT's conduct entitles PLAINTIFF Guerrero to recovery of and to any profits from the unauthorized use of his name, voice and/or likeness.

56. On information and belief, DEFENDANT's conduct is continuing and ongoing and will continue if not prohibited by this Court.

57. As a direct and proximate result of DEFENDANT's wrongful conduct, PLAINTIFFS will suffer and continue to suffer injury and it has no adequate remedy at law. PLAINTIFFS will be irreparably harmed unless DEFENDANT is immediately and permanently restrained from committing and continuing to commit such wrongful acts.

## SEVENTH CAUSE OF ACTION

## UNFAIR COMPETITION – VIOLATION OF PLAINTIFF GUERRERO'S COMMON LAW RIGHT TO PUBLICITY

58. PLAINTIFFS reallege paragraphs 1 through 57 above, inclusive, of this Complaint and incorporate them herein by this reference as if set forth in full below.

59. On information and belief, DEFENDANT is wrongfully using the name, voice and/or likeness of PLAINTIFF Guerrero for purposes of commercial advantage without PLAINTIFF Guerrero's consent, which conduct has and will continue to cause damage to PLAINTIFF Guerrero in an amount to be proven at trial, but in any event not less than One Million Dollars ($1,000,000.00).

60. DEFENDANT's conduct entitles PLAINTIFF Guerrero to recovery of and to any profits from the unauthorized use of his name, voice and/or likeness.

61. On information and belief, DEFENDANT's conduct in continuing and ongoing and will continue if not prohibited by this court.

62. As a direct and proximate result of DEFENDANT's wrongful conduct, PLAINTIFFS will suffer and continue to suffer injury and it has no adequate remedy at law. PLAINTIFFS will be irreparably harmed unless DEFENDANT is immediately and permanently restrained from committing and continuing to commit such wrongful acts.

//

## EIGHTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA UNFAIR TRADE PRACTICES, CAL. BUS. & PROF. CODE §§17200 et seq.

63. PLAINTIFFS reallege paragraphs 1 through 62 above, inclusive, of this Complaint and incorporate them herein by this reference as if set forth in full below.

64. DEFENDANT's actions, as alleged above, constitute unfair competition under California Business & Professions Code Sections 17200 et seq. as they constitute unlawful, unfair and fraudulent acts or practices that are likely to deceive the public as to the origin of its nutritional supplement, and the relationship between PLAINTIFFS and DEFENDANT among other things.

65. As a direct and proximate result of DEFENDANT's wrongful conduct, PLAINTIFFS will suffer and continue to suffer injury and it has no adequate remedy at law. PLAINTIFFS will be irreparably harmed unless DEFENDANT is immediately and permanently restrained from committing and continuing to commit such wrongful acts.

66. As a direct and proximate result of DEFENDANT's unfair competition, PLAINTIFFS have been damaged as previously alleged, and is entitled to and injunctive relief.

## NINTH CAUSE OF ACTION

## CONVERSION

67. PLAINTIFFS reallege paragraphs 1 through 66 above, inclusive, of this Complaint and incorporate them herein by this reference as if set forth in full below.

68. On information and belief, DEFENDANTS have been selling and are continuing to sell Product for which they have never paid and are converting the proceeds for unknown uses to which PLAINTIFFS are entitled as payment for the Product. Therefore PLAINTIFFS are entitled to a full accounting of Product sold, and requests a constructive trust of said proceeds until such time as the Court determines all payments due.

## TENTH CAUSE OF ACTION

## FOR DECLARATORY RELIEF

69. PLAINTIFFS reallege paragraphs 1 through 68 above, inclusive, of this Complaint and incorporate them herein by this reference as if set forth in full below.

70. DEFENDANT's assertions that PLAINTIFFS are violating DEFENDANT's legal rights and DEFENDANT's claim to ownership of the trade name and mark "SUPREME GREENS" irreparably injure PLAINTIFFS and adversely affects PLAINTIFFS' business, and seeking monetary damages for same, and unless prevented by this Court, will continue to so affect PLAINTIFFS' business, and the immense investment it has made in its trade name and mark "SUPREME GREENS".

71. PLAINTIFFS are entitled to a Declaration that it owns the name and mark "Supreme Greens" and that Defendant's rights as licensee and/or distributor are terminated.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS HEALTHY SOLUTIONS, LLC, HEALTH SOLUTIONS, INC. and ALEJANDRO GUERRERO pray for judgment against DEFENDANT ITV DIRECT, INC. as follows:

## MONETARY RELIEF

1. For compensatory damages for breaches of contract to HEALTHY SOLUTIONS, LLC, in a sum to be proven at trial, but in any event not less than One Million Eight Twenty One Thousand Eight Hundred Sixty Four Dollars ($1,821,864.000);

2. For pre-judgment and post judgment interest at the highest rate allowed by law;

3. That DEFENDANT be required to pay PLAINTIFFS' actual damages, DEFENDANT's profits, damage to PLAINTIFFS' goodwill, lost sales, the costs of a corrective advertising campaign, and/or a reasonable royalty, suffered by PLAINTIFFS, together with interest and costs including prejudgment interest to the fullest extent allowed by law;

1    4.   PLAINTIFFS be awarded treble damages to the fullest extent allowed by the law;

2    5.   PLAINTIFF GUERRERO be awarded statutory damages for violation of his statutory and/or common law publicity rights in an amount to be proven at trial, but in any event, no less than One Million Dollars ($1,000,000.00);

3    6.   PLAINTIFFS be awarded punitive damages, in an amount to be proven at trial; and

4    7.   PLAINTIFFS be awarded its attorney's fees and litigation costs.

## DECLARATORY RELIEF

A Declaratory Judgment that:

a.   PLAINTIFF HEALTH SOLUTIONS, INC. is the owner of the trade name and mark "SUPREME GREENS" throughout the United States;

b.   PLAINTIFFS have the right to use, in connection with nutritional supplements and herbs, the SUPREME GREENS trade name and marks free from interference by DEFENDANT, its officers, agents, servants, employees, attorneys, privies, representatives, successors, and assigns, and any and all persons acting by, through, or under authority from DEFENDANT, either separately or jointly, in the United States or in any foreign country where the activities of PLAINTIFFS or DEFENDANT have a substantial effect on interstate or foreign commerce;

c.   PLAINTIFFS' trade name and mark "SUPREME GREENS" does not violate DEFENDANT's rights under the trademark laws of the United States, the State of California, or any other laws; and

d.   DEFENDANTS have no right, title or interest in PLAINTIFFS' trade name or mark "Supreme Greens" as a licensee or distributor.

## INJUNCTIVE RELIEF

DEFENDANT, its officers, agents, servants, employees, attorneys, privies, representatives, successors, and assigns, and any and all persons in active concert or participation with or under authority from DEFENDANT, either separately or jointly,

be temporarily, preliminarily and permanently enjoined and restrained from:

    a.    Interfering with, or threatening to interfere with, use of the SUPREME GREENS trade name and marks by PLAINTIFFS, its related companies, successors or assigns, in connection with its or their business;

    b.    Instituting or prosecuting any suit or other proceeding placing in issue the right of PLAINTIFFS or said related companies, successors, or assigns, to register or use the SUPREME GREENS trade name and marks in connection with nutritional supplements and herbs;

    c.    That a preliminary injunction and a permanent injunction issue restraining DEFENDANT, its agents, servants, employees, successors and assigns and all others in concert and in privity with them from infringement of PLAINTIFFS' SUPREME GREENS trade name and marks, from injuring PLAINTIFFS' business reputation, from unfairly competing with PLAINTIFFS, and from engaging in unfair and deceptive trade practices;

    d.    That a permanent injunction issue restraining DEFENDANT its agents, servants, employees, successors and assigns and all others in concert and in privity with them from using any confusingly similar mark in any way in SUPREME GREENS's trade areas;

    e.    That a permanent injunction issue compelling DEFENDANT its agents, servants, employees, successors and assigns and all others in concert and in privity with them to destroy all non-genuine product bearing the Supreme Greens mark or any similar marks or dress, and/or the image, name or likeness of Plaintiff ALEJANDRO ("ALEX") GUERRERO and to account therefore to this Court;

    f.    That a permanent injunction issue restraining DEFENDANT its agents, servants, employees, successors and assigns and all others in concert and in privity with them from using the likeness, voice or image of PLAINTIFF ALEJANDRO GUERRERO for any commercial purpose;

    g.    That DEFENDANT is compelled to account for all sales of goods bearing

g.  That DEFENDANT is compelled to account for all sales of goods bearing a Supreme Greens mark, including the identity of the sources of all goods bearing a Supreme Green mark and to whom the goods were sold;

h.  That a constructive trust on all proceeds derived DEFENDANT's use of the Supreme Greens mark;

i.  That DEFENDANT be compelled to account for all sales of non-genuine Supreme Greens product and a constructive trust be imposed on the proceeds of said sales.

## OTHER RELIEF

That PLAINTIFFS have all such other further and general relief as may be just and proper under the circumstances.

Respectfully submitted,

LEVIN & O'CONNOR

Dated: April 7, 2004        By: /s/ Becky V. Christensen
                            Becky V. Christensen, Esq.
                            Craig McLaughlin, Esq.
                            Attorney for PLAINTIFFS
                            HEALTHY SOLUTIONS, LLC,
                            HEALTH SOLUTIONS, INC.,
                            ALEJANDRO GUERRERO

## DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demand trial by jury of all issues so triable in this action pursuant to Federal Rules of Civil Procedure 38(a).

        Respectfully submitted,

        LEVIN & O'CONNOR

Dated: April 7, 2004        By: *[signature]*
        Becky V. Christensen, Esq.
        Attorney for PLAINTIFFS
        HEALTHY SOLUTIONS, LLC,
        HEALTH SOLUTIONS, INC.,
        and ALEJANDRO GUERRERO